Exhibit 1

NO. CV-03480-14-5 FILED

| | | |
|---|---|---|
| **KELVIN ALSBROOKS** | § | IN THE DISTRICT COURT OF |
| **VS.** | § | ANGELINA COUNTY, TX |
| | § | CLERK DISTRICT COURT |
| **PARAGON OFFSHORE** | § | ANGELINA COUNTY, TEXAS |
| **DRILLING LLC, ET AL** | § | 2__ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Kelvin Alsbrooks**, the Plaintiff, complaining of and against **Paragon Offshore Drilling LLC, Noble Holding (U.S.) Corporation, Noble Drilling Services, Inc., and Noble Drilling (U.S.) LLC**, Defendants, and for cause of action would respectfully show unto the Court the following:

I.

According to Texas Rules of Civil Procedure, Rule 190.1, discovery in this case will be conducted according to Discovery Control Plan Level 4. The amount sought by this suit exceeds $100,000.

II.

Plaintiff **Kelvin Alsbrooks** is a resident of Nacogdoches County, Texas.

Defendant **Paragon Offshore Drilling LLC** is a corporation maintaining its principal office at 1351 Briarpark Drive, Suite 700, Houston, Texas, 77042, and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

Defendant **Defendant Noble Holding (U.S.) Corporation** is a corporation authorized to transact business in Texas, and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

Defendant **Defendant Noble Drilling Services, Inc.,** is a corporation authorized to transact business in Texas, and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

Defendant **Defendant Noble Drilling (U.S.) LLC** is a corporation authorized to transact business in Texas, and may be served with process through its registered agent for service, CT Corporation System,1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

III.

Venue is proper in Angelina County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.0181(d) in that Angelina County is the county in which one or more of the Defendants maintains its principal office.

Defendants, at all time material to this action, are and have engaged in business in Texas. The causes of action asserted herein arose from or are connected with purposeful acts committed by the Defendants in Texas because Defendant solicited in Texas and hired Plaintiff to perform work as a seaman as more fully described below, including work in the territorial waters of Texas, Defendants have continuously engaged in business in the State of Texas and its territorial waters from a time prior to the incident that is the basis of this suit through the date of the filing of this suit by maintaining offices and operations in Texas and conducting maritime business within the State of Texas and its territorial waters. Plaintiff further asserts that, pursuant to 28 U.S.C. § 1445(a), this case is not removable to federal court.

IV.

This case is brought pursuant to the Constitution and laws of the United States of America and the State of Texas under the General Admiralty and Maritime law, including 46 U.S.C.A. Sec. 740 et seq. At all times material hereto, there was in full force and effect an Act of Congress, The Merchant Marine Act, passed June 5, 1920, Sec. 33, known also as "The Jones Act" (46 U.S.C.A. Sec. 688), which the Plaintiff hereby adopts and asserts as a claim for relief.

V.

At all times material hereto, Defendant Noble Holding (US) Corporation, by and through its wholly owned subsidiary, Noble Drilling Corporation, now known as Paragon

Offshore Drilling, LLC, Defendant Noble Drilling Services, Inc., and Defendant Noble Drilling (U.S.) LLC (hereinafter collectively referred to as "Defendant Noble"), was owner, controller and/or manager of a jack-up rig now known as PARAGON M841 and then known as NOBLE BILL JENNINGS. Plaintiff was employed by Defendant Noble as a seaman on such rig. At all times material, Plaintiff was aboard the vessel as an employee of Defendant and was acting within the course and scope of his employment as a seaman and in the service of the vessel. Plaintiff would show that Defendants exercised the right of control of the details of Plaintiff's work at the time of his service and injuries giving rise to this cause of action.

VI.

On or about October 23, 2013, Plaintiff was performing duties while in the service of PARAGON M841, previously known as NOBLE BILL JENNINGS,. Plaintiff was severely injured as a result of the following events: Plaintiff was ordered by a crane operator to carry unneeded supplies up from the hold, including five gallon buckets of "cement material". In obedience to orders, Plaintiff negotiated cramped stairways while carrying the heavy buckets and, in the course of doing so injured his shoulder and body in general.

VII.

The occurrence described above and the resulting injuries to Plaintiff were caused in whole or in part by of the negligence of the Defendants and their agents, servants, and employees in one or more of the following particulars, singularly or in combination:

a.   The failure to maintain the vessel, its crews and appurtenances, in a seaworthy condition and reasonable state of repair.

b.   The failure to provide capable co-workers.

c.   The failure to take reasonable precautions for Plaintiff's safety.

d.   The failure to provide a reasonably safe place for Plaintiff to work.

e.   By failing to comply with certain regulations of the Occupational Safety and Health Administration and the United States Coast Guard.

f.   By failing to warn the Plaintiff of known and existing dangers and hazards.

g.   The failure to provide adequate and proper medical care.

h.   By requiring the Plaintiff to perform a particular task when it was unsafe to

do so.

l.    By failing to provide and enforce proper and safe procedures outlined to perform the job Plaintiff was instructed to perform;

j.    By failing to provide equipment to the Plaintiff to perform his work, including adequate lifting equipment to remove the supplies and materials from the hold.

k.    Other acts and omissions to be shown at trial.

Plaintiff alleges that the injuries and damages sustained by him were caused in whole or in part by one or more of the foregoing acts and omissions of the Defendants, Defendants' agents, servants, and/or employees.

VIII.

Plaintiff would show that Defendants failed in their duty to provide Plaintiff with a safe and seaworthy vessel on which to work, in that the vessel was unseaworthy due to the failure to provide adequate crew, assistance, equipment, and instruction for performing his duties, and/or the crew, assistance, equipment and instruction provided to perform such work was not reasonably fit for its intended use.

IX.

By reason of the injury suffered by Plaintiff, he became entitled to reasonable maintenance, care, and cure for the period that he was disabled and unable to work.  In the event that the Plaintiff is not receiving any and/or adequate maintenance and cure during the period of his recovery, Plaintiff hereby sues for same and for all damages suffered due to Defendant's failure to provide same.

X.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries to his shoulder and body in general. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, he will continue to do so for the balance of his life.  By virtue of the foregoing injuries, he has suffered a loss of capacity to work and earn money and in reasonable probability his earning capacity has been impaired permanently.  Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and will, in

-4-

reasonable medical probability, incur reasonable and necessary medical expenses in the future. In addition, Plaintiff has sustained physical impairment, disfigurement, and loss of household services, past and future, all of which Plaintiff now sues for monetary recovery, within the jurisdictional requirements of this Court.

    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing hereof, that Plaintiff have and recover judgment of and from the Defendants in such amounts, pursuant to the foregoing allegations, as the evidence may show proper, together with pre-judgment and post-judgment interest, costs of court, and for such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**

By: _____
   **B. ADAM TERRELL**
   Texas Bar No. 19790900
   Post Office Box 350
   Beaumont, TX 77704-0350
   Phone: (409) 838-0101
   Fax:   (409) 832-2940

**ATTORNEYS FOR PLAINTIFF**