Exhibit 10

NO. CV-03480-14-10

| KELVIN ALSBROOKS | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ANGELA COUNTY, TEXAS |
| | § | |
| PARAGON OFFSHORE DRILLING LLC, ET AL | § | |
| | § | |
| *Defendants.* | § | 217TH JUDICIAL DISTRICT |

## DEFENDANT PEMEX PROCUREMENT INTERNATIONAL, INC.'S VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **PEMEX PROCUREMENT INTERNATIONAL, INC.** ("PPI"), and files their Verified Original Answer to Plaintiff, **KELVIN ALSBROOKS**'s ("Plaintiff"), Third Amended Original Petition (the "Petition").

**I.**

Pursuant to Rule 93(2) of the Texas Rules of Civil Procedure, PPI is not a proper party to this suit as it was not engaged in performing services on the jack up rig PARAGON M841 (f/k/a NOBLE DRILLING JENNINGS). Therefore, it is not liable in the capacity in which it has been sued. Accordingly, there is a defect in the manner in which this entity has been sued. Plaintiff should be required to amend his petition naming a correct party and, in the event Plaintiff fails to amend his petition, this suit should be dismissed with prejudice to re-filing same.

**II.**

Defendant PPI generally denies all the allegations in Plaintiffs' Third Amended Original Petition and any subsequently filed amended or supplemental pleadings and respectfully requests that Plaintiff be required to prove the charges and allegations against the Defendants by a preponderance of the evidence as is required by the laws of the State of Texas.

**III.**

Defendant PPI denies that it breached any duty owed to the Plaintiff either under General Admiralty and Maritime laws or pursuant to the Jones Act.

**IV.**

Plaintiff's claims against PPI are barred by the applicable statute of limitations.

**V.**

Defendant PPI would show that Plaintiff failed to act with reasonable care and was therefore solely or partially contributorily negligent, with respect to the accident at issue.

**VI.**

The contributory negligence and/or comparative fault of the Plaintiff must be determined by the trier of fact in this case.

**VII.**

Any act, conduct, or omission on PPI's part was not a substantial factor in bringing about the incident. Therefore, Defendant PPI cannot be liable for such incident as a matter of law.

**VIII.**

Pleading further, without waiving any of the foregoing, in the event of a settlement between Plaintiff and anyone having any alleged involvement with the accident in question, PPI affirmatively pleads that it is entitled to a settlement credit pursuant to §33.012 of the Texas Civil Practices and Remedies Code.

**IX.**

PPI invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

**X.**

By way of further Answer, Defendant PPI hereby gives actual notice to Plaintiff that any and all documents produced during discovery may be used against Plaintiff at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

**XI.**

WHEREFORE, Defendant PPI prays that Plaintiff take nothing by this suit and that Defendant PPI be awarded costs and reasonable attorneys' fees herein expended and for all relief to which Defendant PPI may be entitled.

Respectfully submitted,

**GRAY REED & MCGRAW P.C.**

By: */s/ Julia M. Palmer*
    Julia M. Palmer
    Texas State Bar No. 08710800
    jpalmer@grayreed.com
    Daryl W. Bailey
    Texas State Bar No. 01520050
    dbailey@grayreed.com
    Monika F. Moore
    State Bar No. 24036551
    mmoore@grayreed.com
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    Telephone: (713) 986-7000
    Facsimile: (713) 986-7100

**ATTORNEYS FOR DEFENDANT PEMEX PROCUREMENT INTERNATIONAL, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, a true copy of the foregoing was served via *electronic mail, facsimile* or *certified mail, return receipt requested* on the following:

| | |
|---|---|
| B. Adam Terrell<br>Weller, Green, Toups & Terrell, L.L.P.<br>Post Office Box 350<br>Beaumont, Texas 77704-0350<br>*Via Facsimile: (409) 832-2940*<br>*Via Email:* [bterrell@wgttlaw.com](mailto:bterrell@wgttlaw.com)<br><br>**Attorney for Plaintiff** | Randy L. Fairless<br>Kelley J. Friedman<br>Johanson & Fairless, L.L.P.<br>14565 First Colony Boulevard<br>Sugar Land, Texas 77479<br>*Via Facsimile: (281) 340-5100*<br>*Via Email:* [kfriedman@jandflaw.com](mailto:kfriedman@jandflaw.com)<br><br>**Attorneys for Defendants** |

*/s/ Monika F. Moore*
Monika F. Moore

NO. CV-03480-14-10

| | | |
|---|---|---|
| KELVIN ALSBROOKS<br>*Plaintiff,* | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | ANGELA COUNTY, TEXAS |
| PARAGON OFFSHORE DRILLING LLC, ET AL<br>*Defendants.* | § § § § | 217ᵀᴴ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

I, **MONIKA F. MOORE,** on this day personally appeared and, being first duly sworn, upon my oath deposed and state that I am an attorney of record for Defendant **PEMEX PROCUREMENT INTERNATIONAL, INC.**, and that I am authorized by the Defendant to make this affidavit on its behalf, and that based on the information known to me, the statements of fact set forth in the above and foregoing instrument are true and correct.

_____
MONIKA F. MOORE

SUBSCRIBED AND SWORN TO before me on this 25 day of November, 2015, to verify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
HARRIS COUNTY, TEXAS

My Commission Expires: 1/28/2019



3002241.1